UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| REYNAL L. CALDWELL, | ) | Bankruptcy Case No. 10-49337-399 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| REYNAL L. CALDWELL, | ) | Case No. 4:17 CV 1812 RWS |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALAN E. DEWOSKIN, | ) | |
| ALAN E. DEWOSKIN, P.C., and | ) | Adv. Case No. 14-4013-399 |
| THERESA CALDWELL | ) | |
| LAVENDAR, | ) | |
| | ) | |
| Appellees. | ) | |

**MEMORANDUM AND ORDER**

Appellant Reynal Caldwell filed this appeal seeking to overturn the

bankruptcy court's[1] dismissal of Caldwell's complaint. The bankruptcy court

dismissed Caldwell's complaint with prejudice based on his failure to comply with

a discovery order. After a review of the briefs and the record in this matter I find

that the bankruptcy court did not abuse its discretion in dismissing Caldwell's

complaint. As a result, I will affirm the bankruptcy court's order of dismissal and

judgment.

---

[1] United States Bankruptcy Judge Barry S. Schermer.

*Background*

The events underlying this appeal are clearly and extensively recorded in the bankruptcy court's March 13, 2017 order granting Caldwell's motion for summary judgment on the question of liability and in the bankruptcy court's June 2, 2017 order dismissing Caldwell's case with prejudice. An abbreviated version of events taken from those orders and from the record before the bankruptcy court establishes the following:

Appellee Theresa Caldwell Lavender is the former wife of Appellant Caldwell. In December 2009, a Missouri circuit court entered a judgment of dissolution of marriage which was amended in February 2010. The judgment required Caldwell to pay Lavender $2,500 per month in maintenance and $5,544.75 for Lavender's attorney's fees. Lavender's attorney in the proceeding was Appellee Alan DeWoskin[2]. Caldwell failed to make any payments. On July 16, 2010, the circuit court entered an order finding Caldwell in contempt for willfully failing to make the payments required by the dissolution judgment. The circuit court ordered Caldwell to make the past due maintenance and attorney's fee payments, with interest, by August 10, 2010. Caldwell was also ordered to pay an additional $1,935.50 to DeWoskin by August 10, 2010, for attorney's fees incurred in the contempt proceedings.

On August 6, 2010, Caldwell sent separate letters to Lavender and

_____
[2] Appellee DeWoskin's law firm is also named as an Appellee in this case.

DeWoskin stating he would pay them a $1 per year until he died because he

believed that the circuit court order did not specify "how much, how often, or

when" to make the payments.[3]  In response, on August 11, 2010, Lavender filed a

memorandum with the circuit court asking that it issue a warrant and commitment

order in an attempt to get Caldwell to comply with the court's previous contempt

order.

Six days later, on August 17, 2010, Caldwell filed a petition for bankruptcy

relief under Chapter 13 of the Bankruptcy Code.  A Chapter 13 plan was never

confirmed for Caldwell.  On June 1, 2011, Caldwell's Chapter 13 case was

converted to a Chapter 7 case.  The Chapter 7 case was ultimately dismissed on

July 20, 2011, as a result of Caldwell's failure to file the required schedules and

means test.

Appellees and the state circuit court received notice of Caldwell's

bankruptcy filing.  Upon the filing of a bankruptcy petition, an automatic stay goes

into effect, which prohibits acts to collect or otherwise enforce pre-petition debt.

11 U.S.C. § 362(a).  If the debtor is injured by a willful violation of the stay he

"shall recover actual damages, including costs and attorney's fees, and, in

appropriate circumstances, may recover punitive damages."  11 U.S.C. § 362(k).

The stay bars the continuation of judicial process against a debtor to recover a

claim against the debtor that arose pre-petition. 11 U.S.C. § 362(a)(1).

---

[3] The order clearly indicated that the full amounts had to be paid by August 10, 2010.

However, the Bankruptcy Code provides exceptions to the stay for a continuation of judicial proceedings related to domestic support obligations, including the collection of maintenance obligations from property that is *not property of the estate*. 11 U.S.C. § 362(b)(2)(A), (B), and (C).

On August 24, 2010, seven days after Caldwell filed his bankruptcy petition, the state circuit court held a hearing on Lavender's request for a warrant and commitment order to enforce the court's contempt order. Lavender, DeWoskin, Caldwell, and his counsel appeared at the hearing. The court and the parties discussed whether the automatic bankruptcy stay precluded the court from further proceedings regarding the enforcement of the court's contempt order. The court took the issue under submission and continued the hearing to August 27, 2010. The hearing reconvened on that date. Lavender and DeWoskin did not appear at that hearing. The court found that the stay did not prevent the proceedings from going forward and found Caldwell in contempt of court. Caldwell was taken into custody to be confined until he paid his maintenance arrears of $22,500 or posted a bond. The next day, on August 28, 2010, a friend of Caldwell posted a bond for $22,500 and Caldwell was released from custody.[4]

On September 14, 2010, Lavender, DeWoskin, Caldwell, and his counsel appeared again in circuit court.[5] The court issued an order stating that if Caldwell

---

[4] Without further explanation, Caldwell is deemed to have admitted that he was never placed in a jail or a holding cell as a result of the circuit court's order.

[5] It appears from the record that this hearing was set by the circuit court on its own motion.

missed his maintenance payment for September, upon motion by Lavender for

contempt, the court would issue another commitment order if Caldwell was found

to be in contempt.[6]  Shortly thereafter, Caldwell appealed the circuit court's August

27, 2010 contempt judgment.[7]

In January, 2013, more than two years after the August 2010 contempt

hearings,  Caldwell filed a complaint in the United States District Court alleging

violations of the automatic stay under 11 U.S.C. §  362(k).  The matter was

referred to the bankruptcy court which had presided over Caldwell's bankruptcy

case.  The bankruptcy court ultimately dismissed this case with prejudice as a

sanction for Caldwell's failure to comply with a discovery order.  Caldwell appeals

that decision.

### *Jurisdiction and Legal Standard*

This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1).

Appellants filed a timely notice of appeal.

"When a bankruptcy court's judgment is appealed to the district court, the

district court acts as an appellate court and reviews the bankruptcy court's legal

determinations de novo and findings of fact for clear error." Fix v. First State Bank

of Roscoe, 559 F.3d 803, 808 (8th Cir. 2009) (internal quotation and citation

---

[6] The parties engaged in subsequent proceedings in the circuit court including wage withholding proceedings and pay out order proceedings.  The bankruptcy court found that the automatic stay did not apply to these proceedings. That ruling has not been challenged in Caldwell's present appeal.

[7] In May 2011, the Missouri Court of Appeals issued an opinion that reversed the circuit court's August 27, 2010 judgment of contempt and commitment.

omitted).  Issues committed to the bankruptcy court's discretion are reviewed for an abuse of that discretion. In re Zahn, 526 F.3d 1140, 1142 (8th Cir. 2008).  An abuse of discretion occurs when the bankruptcy court fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous. Id.

*Discussion*

Caldwell raises four interrelated issues for relief in his appeal:

I.  Whether the bankruptcy court abused its discretion in denying or failing to grant Caldwell's motion for leave to serve trial exhibits late;

II.  Whether the bankruptcy court abused its discretion in denying or failing to grant Caldwell's motion to dismiss his case without prejudice;

III.  Whether the bankruptcy court abused its discretion in failing to hold a trial on the issue of damages and reserving any ruling on admissibility of evidence at trial; and

VI.  Whether the bankruptcy court abused its discretion in dismissing Caldwell's case with prejudice.

Each of these issues asserts the same question for relief.  Did the bankruptcy court abuse its discretion in dismissing Caldwell's case as a sanction for his failure to comply with a discovery order?

On June 2, 2017, the bankruptcy court issued its order of dismissal with prejudice.  That order set out the following events that led up to the bankruptcy court's decision.  On March 13, 2017, the bankruptcy court entered summary

6

judgement in Caldwell's favor on the issue of liability.[8]  The bankruptcy court

found that Lavender and DeWoskin violated the automatic stay by their continued

prosecution in state court of the contempt proceeding on August 24, 2010 and on

August 27, 2010 after receiving notice that Caldwell had filed for bankruptcy

relief.  The bankruptcy court noted that the continued prosecution appeared to have

been in good faith and in reliance on the state court's ruling that the automatic stay

did not apply in the contempt proceedings.  However, because the contempt

proceedings were directed at getting Caldwell to pay a pre-petition judgment from

property of the bankruptcy estate, the Bankruptcy Code's exceptions to the stay did

not apply.  Moreover, the bankruptcy court held that a willful violation of the stay

does not require an improper intent, but only that an action is purposeful in

attempting to collect a pre-petition debt with knowledge of a debtor's bankruptcy

proceeding.  See Carter  v. First National Bank of Crossetti, 502 B.R. 333 (B.A.P.

8th Cir 2013).

The bankruptcy court subsequently set a trial on damages for May 30, 2017.

Previously, in preparation for the case, on December 23, 2016, Lavender sent

interrogatory, admissions, and document discovery requests to Caldwell.  He failed

to respond to these discovery requests.  Lavender filed a motion to compel.  On

January 30, 2017, the bankruptcy judge ordered Caldwell to fully respond to the

---

[8] Issues in the case have been previously appealed to the United States Court of Appeal for the Eighth Circuit and the case remanded back to the bankruptcy court.

discovery requests no later than February 3, 2017.  Caldwell failed to comply with

that order.  As a result, Lavender moved for sanctions.  The bankruptcy court set a

hearing for February 8, 2017.

The afternoon before the hearing Caldwell provided some discovery

responses.  At the hearing, the bankruptcy court found that Caldwell failed to

comply with the court's order to provide discovery responses by the deadline.  The

requests for admission were deemed admitted.  The bankruptcy court noted that the

responses Caldwell provided the day before were incomplete.  The bankruptcy

court held Caldwell in contempt.  The bankruptcy court sanctioned Caldwell, under

Fed. R. Civ. P. (37)(b)(2)(A)(vii) (made applicable by Fed. R. Bank. P. 7037),

fining him $150 to be paid no later than February 24, 2017.[9]  The bankruptcy court

also ruled that Caldwell would not be permitted to use any documents at trial that

were not timely produced in discovery.  Caldwell committed to providing

outstanding responsive documents as they were received (this representation

included his receipt of attorney's fee records from the state court proceedings at

issue).

On May 25, 2017, Lavender filed a motion in limine asking for various

sanctions.  The motion asserted that Caldwell failed to provide substantial

discovery responses regarding his claim for damages.  Nor had Caldwell provided

Lavender with exhibits, or witness and exhibit lists in violation of Local

---

[9] The bankruptcy court dismissed this case on June 2, 2017, noting that this fine has not been paid.

Bankruptcy Rule 7016(A). In his complaint Caldwell sought compensatory damages (including for humiliation and emotional distress), attorney's fees, and punitive damages. Caldwell's incomplete discovery responses stated that he was not seeking loss of income damages (he did not have any); his damages for humiliation, and emotional distress were "[t]o be determined;" and the names of his attorneys and the fees they incurred (and supporting documents) for the August 2010 state court contempt proceedings were "not currently available" and would be "furnished upon compilation." Caldwell did not file a response to the motion in limine.

On May 30, 2017, a little more than two hours before the damages trial was to begin, Caldwell filed a motion to file his witness list, exhibit list, and exhibits out of time, or in the alternative, for a dismissal of the case without prejudice. Caldwell produced complete attorney billing records for the first time at the May 30, 2017 trial, despite never supplementing his incomplete discovery responses before that day. Lavender asserted that she was prejudiced by Caldwell's failure to comply with her discovery requests and his failure to comply with the bankruptcy court's order compelling production. Lavender was never allowed review the bills before trial that supported Caldwell's attorney's fees claim. Nor did Caldwell produce documents or answer interrogatories relating to his humiliation damages claim.

The bankruptcy court declined to continue the trial. The bankruptcy court

found that Caldwell had ample time before trial to produce the documents that supported his damages claims, including the attorney's fees of his present counsel. Moreover, at the February 8, 2017 hearing, the bankruptcy court fined Caldwell $150 as an alternative to a more severe sanction. Between that hearing and May 30, 2017, Caldwell failed to supplement his untimely and incomplete discovery responses. Nor had Caldwell paid the $150 fine. The bankruptcy court found Caldwell willfully failed to comply with the January 30, 2017 discovery order that compelled Caldwell to comply by February 3, 2017. In addition, the bankruptcy court found that Lavender was prejudiced because she was unable to review the damages documents before trial. Her counsel also spent a great deal of time preparing for trial and drafting pleadings related to Caldwell's abuse of the discovery and pre-trial process.

The bankruptcy court barred the admission of Caldwell's evidence at trial and dismissed Caldwell's complaint with prejudice. The bankruptcy court imposed this ultimate sanction pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii) and (v). See In re O'Brien, 351 F.3d 832, 836 (8th Cir. 2003) ("Fed. R. Bankr.P. 7037(b), the bankruptcy counterpart of Fed.R.Civ.P. 37(b), authorizes a court to sanction a party who disobeys a discovery order with dismissal if the disobedience is willful and prejudices another party").

In reaching its decision, the bankruptcy court also noted Caldwell's insincere behavior in his bankruptcy case. He continually failed to comply with the several

bankruptcy requirements which caused his case to be converted from a Chapter 13 to a Chapter 7 and ultimately to be dismissed. It appears that Caldwell's bankruptcy petition was merely an effort to frustrate Lavender's attempts to enforce the state court maintenance order. Before filing for bankruptcy Caldwell taunted Lavender and DeWoskin in letter stating that he would pay them a $1 a year. When the oral argument was held before the United States Court of Appeals for the Eighth Circuit in a previous proceeding involving this case, Caldwell's counsel failed to appear at the oral argument. The bankruptcy court considered all of Caldwell's actions as a pattern of obfuscation which abused the bankruptcy process and prejudice Lavender.

I find that the bankruptcy court did not abuse it's discretion in dismissing Caldwell's complaint with prejudice. The bankruptcy court's decision is amply supported by Caldwell's actions. In re O'Brien, 351 F.3d at 836 ("a court may find willful disobedience sufficient to support dismissal when a party employs stall tactics and disregards court orders.").

As a result, the bankruptcy court's judgment and order of dismissal with prejudice are affirmed.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of September, 2018.